UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD M. MIMS,

                Plaintiff,                Case No. 16-cv-10037

v                                            Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,      Magistrate Judge Elizabeth A. Stafford

                Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER**

On January 6, 2016, Plaintiff Ronald Mims filed a complaint seeking judicial review of the Social Security Commissioner's denial of disability benefits. ECF No. 1. During the administrative proceedings, the Administrative Law Judge (ALJ) concluded that Mims was not disabled. The Appeals Council denied review, making the ALJ's denial of benefits the Commissioner's final decision. This case was referred to Magistrate Judge Elizabeth A. Stafford. ECF No. 2. After the parties filed cross motions for summary judgment, Judge Stafford issued a report and recommendation. ECF No. 17. She recommends that the Commissioner's motion for summary judgment be granted, Mim's motion for summary judgment be denied, and the Commissioner's denial of benefits affirmed. Mims has timely objected to Judge Stafford's report and recommendation. ECF No. 20.

Pursuant to a de novo review of the record, Mim's objections will be overruled and the report and recommendation will be adopted. Accordingly, Plaintiff's motion for summary judgment will be denied, Defendant's motion for summary judgment will be granted, the

determination of the Commissioner of Social Security is **AFFIRMED** and that Plaintiff's claims will be dismissed with prejudice.

# I.

Neither party has objected to Judge Stafford's summary of the relevant background of the case. For that reason, the summary is adopted in full. For clarity, a brief reiteration will be provided here. Mims has worked in the past as a heavy equipment mechanic, but alleges that, as of January 18, 2010, he became disabled due to a combination of back pain, neck pain, arm pain, nerve damage, muscle atrophy, anxiety, diabetes, high cholesterol, high blood pressure, and severe depression. Mims submitted his application for disability benefits on September 6, 2013, at the age of 42.

# II.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

## A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review

requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

**B.**

Mims raises three objections to Judge Stafford's report and recommendation. Specifically, he argues that Judge Stafford erroneously concluded that the ALJ's residual functional capacity (RFC) decision was supported by substantial evidence, erroneously found that the ALJ did not abuse her discretion by holding that the record was sufficient to assess

Mims's RFC, and improperly concluded that the ALJ was justified in giving a treating physician's opinion no weight. The objections will be addressed in turn.

Under the Social Security Act ("The Act"), a claimant is entitled to disability benefits if he can demonstrate that he is in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Disability is defined by the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A plaintiff carries the burden of establishing that he meets this definition. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

Corresponding federal regulations outline a five-step sequential process to determine whether an individual qualifies as disabled:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 719 (6th Cir. 2012) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)). Through Step Four, the plaintiff bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing her past relevant work. At Step Five, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate

the claimant's residual functional capacity (determined at step four) and vocational profile. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

**1.**

First, Mims argues that Judge Stafford improperly concluded that the ALJ's RFC decision was supported by substantial evidence. He specifically asserts that "both the ALJ and Magistrate Stafford misconstrued medical evidence and testimony that ultimately, resulted in an inadequate RFC to address Plaintiff's multiple severe medical conditions, especially his mental RFC." Objs. at 3, ECF No. 20. As evidence of his "severe mental impairment," Mims points to Dr. Garg's and Dr. Gummadi's evaluations. *Id.* at 4–5. Dr. Garg diagnosed Mims with severe major depression and periodic suicidal thoughts on June 26, 2014. Tr. at 326, ECF No. 7. Dr. Garg stated: "[Mim's] depression is related to chronic back pain as he has had a total of four back surgeries. Coupled with chronic pain and depression he is totally and permanently disabled." *Id.* Dr. Gummadi's November 9, 2013 evaluation concludes that "the claimant seemed to be unable to understand, retain and follow simple instructions and generally restricted to performing simple routine tasks. Due to his depression with multiple physical limitations, he is restricted to work with supervision and interaction with co-workers and supervisors in public." *Id.* at 315. Mims reiterates the argument he made before Judge Stafford that the ALJ's treatment of these evaluations was inadequate.

Both the ALJ and Judge Stafford addressed Dr. Garg's and Dr. Gummadi's evaluations. The ALJ's opinion stated:

> I give Dr. Gummadi's opinion little weight, because the doctor's own reports fail to reveal the type of significant abnormalities one would expect if the claimant was in fact unable to follow simple instructions, and the doctor did not specifically address this weakness. His opinion contrasts greatly with the mini mental exam he performed, where the claimant was able to repeat four digits backwards and forward and he was able to recall three out of three objects

>immediately and after three minutes. He was able to multiply single digits and he was able to subtract 7 from 100, with the real problem being the claimant's interpretation of one abstract thinking question was literal.

Tr. at 23 (internal citations omitted).

The ALJ went on to discuss Dr. Garg's opinion:

>I considered the opinion of Dr. Garg and accorded it no weight. Dr. Garg opined that the claimant is totally disabled due to his chronic pain and depression. Whether the claimant is "disabled" is a determination reserved to the Commissioner. Additionally, while Dr. Garg does have a treating relationship with the claimant, the treatment history is very sporadic.

*Id.* (internal citations omitted).

The ALJ further explained that Dr. Garg's "notes are handwritten and are mostly illegible." *Id.* at 21. In finding that Mims was not disabled, the ALJ also considered and gave weight to opinions by several other doctors. *Id.* at 22–23.

Mims has shown no error in Judge Stafford's conclusion that the ALJ properly considered and discussed all the medical evidence related to Mims's mental functioning. Mims cites *Biehl v. Comm'r Soc. Sec.*, No. 14-10293, 2015 WL 736366 at *21 (E.D. Mich. Feb. 20, 2015), for the proposition that an ALJ's decision cannot be supported by substantial evidence if the ALJ did not consider the claimant's mental impairments in determining the RFC. But the ALJ *did* consider Mims's mental impairments here; the ALJ simply concluded that the mental impairments identified in the record did not demonstrate that Mims was disabled. The mere fact that the ALJ chose to accord lesser weight to Dr. Garg's and Dr. Gummadi's opinions is not reversible error. "[T]he Commissioner has final responsibility for deciding an individual's RFC." *Rudd v. Comm'r Soc. Sec.*, 531 Fed. App'x 719, 728 (6th Cir. 2013). The ALJ is not required to "base her RFC finding on a physician's opinion." *Id.* Here, the ALJ accorded Dr. Gummadi's opinion some weight and incorporated his non-contradictory conclusions in the RFC findings.

Likewise, the ALJ's refusal to accord weight to Dr. Garg's opinion was not error. At that stage, Mims bore the burden of securing evidence of disability. *Landsaw v. Sec'y of Health & Human SErvs.*, 803 F.2d 211, 214 (6th Cir. 1986). Further, the "ALJ does not owe a treating opinion deference on matters reserved to the Commissioner." *Hollis v. Commissioner of Social Sec.*, No. 13-13054, 2015 WL 357133, at *23 (E.D. Mich. Jan 27, 2015). *See also* 20 C.F.R. § 404.1527(d). The ALJ need only recontact medical sources if the record contains insufficient evidence to determine whether the claimant is disabled. *See* 20 C.F.R. § 404.1520b(c). The only legible opinion which Dr. Garg provided was on the ultimate issue reserved for the Commissioner. Given the other evidence in the record, the ALJ's decision to not recontact Dr. Garg was not erroneous.

In short, the ALJ's RFC determination was supported by substantial evidence. Although there is contradicting evidence in the record, the Court must affirm even if substantial evidence could support a contrary result. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *see also Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2006) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion."). Mims has not shown that either the ALJ or Judge Stafford improperly weighed the evidence or applied the wrong legal standard. Mims's first objection will be overruled.

**2.**

Mims's second objection covers similar terrain as the first. He asserts that "the Magistrate erred when she found that the ALJ did not abuse her discretion when holding that the record was sufficient to assess Plaintiff's RFC." Objs. at 5. Mims asserts that "the ALJ should have contactd Dr. Gummadi to determine what significant abnormalities supported his conclusion that Plaintiff

would be unable to understand, retain and follow simple instructions and was generally restricted to performing simple routine tasks." *Id.* at 6.

For substantially the same reasons outlined above, the ALJ's decision to not recontact Dr. Gummadi was not error. Mims's arguments ignore that the fact that he is assigned the burden of producing evidence of disability. It is true that Dr. Gummadi's opinion was contradictory, but there was a plethora of other evidence in the record which provided substantial evidence for the ALJ's determination. This is consistent with the guidelines for ALJ evaluation of medical evidence: "If any of the evidence in your case record, including any medical opinion(s), is inconsistent, we will weigh the relevant evidence and see whether we can determine whether you are disabled based on the evidence we have." 20 C.F.R. § 404.1520b. The ALJ expressly considered all non-conclusory medical evidence. The mere fact that Dr. Gummadi's opinion included inconsistencies did not require recontacting Dr. Gummadi. Rather, because there was substantial evidence in the record that Mims was not disabled, the ALJ's decision RFC determination was justified, even if recontacting Dr. Gummadi might have revealed substantial evidence that Mims was disabled. Mims's second objection has not merit.

**3.**

Finally, Mims asserts that Judge Stafford's conclusion that the ALJ properly assigned Mims's treating physician's opinion no weight was erroneous. This issue was addressed in response to Mims's first objection. To repeat: The "ALJ does not owe a treating opinion deference on matters reserved to the Commissioner." *Hollis v. Commissioner of Social Sec.*, No. 13-13054, 2015 WL 357133, at *23 (E.D. Mich. Jan 27, 2015). The Court agrees that Dr. Garg's notes were largely illegible and that the small portions which can be interpreted do not support a conclusion of disability. As already explained, the ALJ's decision to not seek out additional

information from Dr. Garg was not error. Accordingly, the only legible opinion which Dr. Garg provided was on an issue reserved for the Commissioner. In that context, the ALJ's failure to "address the length of the treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source," as Mims asserts was necessary, was not error. Objs. at 7. Mims argues, correctly, that ALJ must not "play doctor," but the ALJ's rejection of Dr. Garg's legal conclusion is not evidence that the ALJ improperly made independent medical findings. Because Dr. Garg's offered only a conclusory opinion on an issue reserved for the Commissioner to resolve, the ALJ's explanation of why Dr. Garg's opinion was assigned no weight was sufficient. Mims's third objection will be overruled.

### III.

Because the ALJ reached his decision using correct legal standards and because those findings were supported by substantial evidence, the Court must affirm it, even if reasonable minds could disagree on whether the individual was disabled or substantial evidence could also support a contrary result. *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *see also Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2006) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.").

### IV.

Accordingly, it is **ORDERED** that Plaintiff Mims's objections, ECF No. 20, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 17, is **ADOPTED**.

- 10 -

It is further **ORDERED** that Plaintiff Mims's motion for summary judgment, ECF No. 13, is **DENIED**.

It is further **ORDERED** that Defendant Commissioner's motion for summary judgment, ECF No. 16, is **GRANTED**.

It is further **ORDERED** that the Commissioner of Social Security's decision is **AFFIRMED** and the complaint is **DISMISSED** with prejudice.

Dated: March 21, 2017                             s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 21, 2017.

                                    s/Kelly Winslow for
                                    MICHAEL A. SIAN, Case Manager